```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------x
UNITED STATES,

    -against-                                      **MEMORANDUM AND ORDER**

JAMEL MCTIER,                                      Case No. 17-CR-557 (FB)

                    Defendant.
-------------------------------------------------x
```

Appearances:
*For the United States*                *For the Defendant:*
RICHARD P. DONOGHUE                    KANNAN SUNDARAM
United States Attorney's Office        Federal Defenders
Eastern District of New York           1 Pierrepont Plaza, 16th Floor
271 Cadman Plaza East                  Brooklyn, NY  11201
Brooklyn, NY  11201
By: DAVID J. LIZMI

**BLOCK, Senior District Judge:**

Jamel McTier is charged with one count of possession of a firearm having been previously convicted of a felony, a violation of 18 U.S.C. § 922(g)(1). McTier moves to suppress the firearm that was recovered on his person as a fruit of an illegal search. McTier and two officers from the New York Police Department testified at an evidentiary hearing on August 29, 2018.

The only issue in dispute is whether the officers had probable cause to stop and ultimately arrest McTier. The officers testified that in the early hours of the morning of September 10, 2017, McTier was sitting in a parked car near an

1

intersection, blocking the crosswalk.[1]  After observing him for several minutes, they pulled up behind him and asked him for his license and registration.  He told them that he did not have a license and they asked him to step out of the vehicle.  At this point, unprompted, he volunteered that he had a "pocket rocket" but that it did not work.  The officers searched him and found a loaded handgun and ammunition, as well as drugs and a knife.  McTier was placed under arrest.[2]

McTier admits that he was parked near the intersection on that date and time, and does not substantively dispute the sequence of events leading up to his arrest.  He further admits that he only had a learner's permit and was not legally allowed to drive at night.  Thus, the only substantive dispute is whether McTier was blocking the crosswalk such that the initial stop was lawful.

All three witnesses testified as to whether there were other cars parked on the street so as to prevent McTier from parking legally without blocking the crosswalk.

---

[1] The officers also testified that a female passenger was sitting with McTier at the time of his arrest.  McTier testified that the passenger was inside of a deli store and that he was waiting outside for her.  He explained that the passenger moved to North Carolina shortly after his arrest and that he has not been in contact with her since.

[2] Subsequently, in a videotaped post-*Miranda* statement, McTier reiterated that he did not have a driver's license and that he told the police officers about the gun "to make [his] day go easier" and because he believed that the gun did not work.  The NYPD ballistics laboratory, however, confirmed that the gun was operable.

Both officers answered that there were.³ McTier testified that there was ample parking on the street and that he would have had no reason to park in the intersection.

The Court finds the officers' testimonies more credible than McTier's. The officers gave independent, consistent accounts of the incident that were also consistent with the typical parking conditions of a busy Brooklyn street. Based on his statements to the police, McTier did not believe that the weapon was operable, thus leading him to conclude that he would not face charges if caught with it.

Moreover, McTier's testimony lacked candor. He misled the Court when testifying about his previous convictions. He indicated the he had formerly pled guilty to a charge of reckless endangerment, whereas in fact the charge appears to have been for attempted murder. Furthermore, when listing his previous convictions, he failed to mention a conviction for bringing contraband into a prison.

For the foregoing reasons, the motion to suppress is denied.

**SO ORDERED.**

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 23, 2018

---

³ The Court initially misspoke and asked the officers whether there were any cars *behind* McTier's. Both officers answered in the negative because he was parked such that only the street was behind him. The Court recalled both witnesses to ask whether there were any cars *in front* of McTier. Both officers answered that there were and that he could not have parked in the area without blocking the crosswalk.